original

FORM TO BE USED IN FILING COMPLAINT UNDER
THE CIVIL RIGHTS ACT, 42 U.S.C. 1983

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
DIVISION

1:01CV 36-MU-2

(Leave this space blank)

Wayne Thomas Johnson, Demands Jury Trial
P.O. Box 2405
Marion NC. 28752

(Enter the full name **and** **address** of the
plaintiff or plaintiffs)

v.

**PRISONER NO.** 0213350

Dean Walker, S. Presnell,
off Painter, Sue Medford,
Tommy Maddox, Jim Dunlap, Freddie Sherrell

(Enter the full name **and** **address** of the
defendant or defendants) Same address

    I.  Have you begun other lawsuits in state or federal court
dealing with the same facts involved in this action?

                Yes _____        No ✓

If your answer is "Yes", describe each such lawsuit in the space
below (or on additional sheets if necessary):

Who was (were) the plaintiff(s) in the previous lawsuit?

N/A

Who was (were) the defendant(s) in the previous lawsuit?

N/A

In what court was the suit brought?  (If in federal court, name the
district; if in state court, name the county)

N/A

-1-

Date suit was filed: _N/A_____

Docket number (if known): _N/A_____

How did the lawsuit end? (For example, was it dismissed? Was it tried? Was it appealed? Is it still pending?)

_N/A_____

_____

_____

II. Place of present confinement: _Marion Corr. Inst._
_P.O. Box 2405, Marion, N.C. 28752_
   (Give name and address of place of confinement)

III. Give name and address of person to contact should your address change: _____
_N.C. Dept. of Correction, 831 W. Morgan St._
_Raleigh, N.C. 27602_

IV. Parties

(In item A below place your name and address first. List the names and addresses of any other plaintiffs.)

A. _Wayne Thomas Johnson_
   _P.O. Box 2405, Marion, N.C. 28752_

_____

(In item B below place the full name of the defendant, his official position and his place of employment in the first blank. List the names, official positions and places of employment of any other defendants in the remaining space.

B. _Jim Dunlap_____ is employed as a _Part Supv._
_Marion Dept. of Corr._ at _Marion, NC. 28752_
_Dean Walker, Supt I, M.C.I. P.O. Box 2405,_
_Marion, N.C. 28752, S. Presnell, Corr. Officer_
_M.C.I. P.O. Box 2405, Marion, N.C. 28752, Sue_
_Medford Medical Supv. "  "  "  "  "_
_Tommy Maddox Sgt. "  "  "  "  "_
_Freddie Shetrell, Part Counselor "  "  "  "  "_
_Officer Painter, Correctional Officer, "  "  "  "  "_

## V.  Statement of claim

State here BRIEFLY the **FACTS** of your case.  Tell what each defendant
did.  Include also dates, places and the names of other persons
involved.  If you intend to allege a number of related claims, number
and set forth each claim in a SEPARATE PARAGRAPH.  Use as much space
as you need.  Attach extra sheets if necessary.

(Jurisdiction)

The Court has Jurisdiction over the Plaintiff's claims of Violation of Federal Constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

(Facts)

(1). That on or about 10-16-00, Plaintiff was granted a temporary leave by the Director of Prisons, J.B. French. Plaintiff had a medical Emergency, an operation. That plaintiff was taken out of the Dart Program and never re-intered in the Computer for the Dart Program.

(2). That on or about 10-23-00 $5.00 Was taken or levied against Plaintiff's Prison account for the above emergency, Sue Medford, Defendant Was responsible for this action.

(3). That on or about 11-3-00 Plaintiff requested a Cell Movement to get away from the noise level. Defendant Maddox displayed very irrational and racially Motivated Discrimination toward Plaintiff Concerning fees More that he denied,

(4). That on or about October 21, 00 Defendant Presnell did search Plaintiff's cell down, during this search Defendant Presnell read some of the contents of Plaintiff's Trial Transcript, that Plaintiff's case is still under appeal. 5). That on or about 1-17-01, Defendant Sherrell cursed the Plaintiff while engaging in conver

**VI. Relief**

State BRIEFLY exactly what you want the court to do for you.

Wherefore Plaintiff request that the Court grant the following relief:

A. Issue a declaratory Judgment stating that:

(1). The racial Discrimination by defendants Maddox, Dunlap, Sherrell and Walter violated the Plaintiff's rights under Due process and Equal protection of Law of the 14th amendment

Signed this _____ day of _____, 19 ____.

Elaine Thomas Johnson

_____

_____
**(Signature of plaintiff or plaintiffs.)**
**All who are plaintiffs must sign.**

**VERIFICATION:**

I (We) declare UNDER PENALTY OF PERJURY that the foregoing statements are true and correct to the best of my (our) knowledge, except as to those matters that are stated in it on information and belief, and as to those matters I (We) believe them to be true.

_____    _Wayne Thomas Johnson_

                                      _____

                                      **(Signature of plaintiff or plaintiffs)**

## IN FORMA PAUPERIS AFFIDAVIT

I, _Wayne Thomas Johnson_ , attest under penalty of perjury that I am the petitioner in the above-entitled case; that I am a pauper and because of my poverty I am unable to pay the costs or to give security to prosecute this action.

I further attest under penalty of perjury that the responses which I have made to questions and instructions below are true.

1. Are you presently employed?  Yes [ ]  No [✓]
   a. If the answer is "Yes", state the amount of your salary or wages per month, and give the name and address of your employer.  _n/a_
   _____

   b. If the answer if "No", state the date of last employment and the amount of the salary and wages per month which you received.  _December 1997 $486.00_
   _____

2. Have you received within the past twelve months any money from any of the following sources?
   a. Business, profession or form of self-employment?
      Yes [ ]  No [ ]
   b. Rent payments, interest or dividends?  Yes [ ]  No [✓]
   c. Pensions, annuities or life insurance payments?
      Yes [ ]  No [ ]
   d. Gifts or inheritances?  Yes [ ]  No [✓]
   e. Any other sources?  Yes [ ]  No [✓]

If the answer to any of the above is "Yes", describe each source of money and state the amount received from each during the past twelve months:  _n/a_
_____

3. Do you own case, or do you have money in a checking or savings account? Yes [ ] No [✓] (Include any funds in prison accounts.)

If the answer is "Yes", state the total value of the items owned:

_____ N/A _____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? Yes [ ] No [✓]

If the answer is "Yes", describe the property and state its approximate value: _____ N/A _____

_____

_____

_____

5. Do you have any debts or loans outstanding? Yes [ ] No [✓]

If the answer if "Yes", list to whom debts are owed, the amount of the debt, and the amount of any payments currently due: _____

_____ N/A _____

_____

_____

_____

6. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____ None _____

_____

_____

_____

_____

_____

_____

I declare UNDER PENALTY OF PERJURY that the foregoing is true and correct.

I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

_____
Petitioner's signature
(Required as to each Petitioner)

# C E R T I F I C A T E

     I hereby certify that the petitioner herein has the sum of
$ _____0_____ on account to his credit at the _MARION CORRECTIONAL_
institution where he is confined.  I further certify that petitioner
likewise has the following securities to his credit according to the
records of said _MARION CORRECTIONAL_ institution: _____NA_____

_____

_____

_____

_____

This _9th_ day of _FEBRUARY_____ , 19 _00 01_.

_____
Authorized Officer of Institution

## PRISONER CONSENT FORM

I hereby give permission to the Authorized Officer of the Institution in which I am housed,

_Marion Corr Inst_, to release a copy of my Commissary Account Statement to

the United States District Court for the Western District of North Carolina for the time period

beginning sixty (60) days before I signed my Application to Proceed In Forma Pauperis.

I recognize that the Court may consider my Commissary Account Statement in ruling on my

Application to Proceed In Forma Pauperis. I recognize also that my Commissary Account Statement

reflects the deposits and credits to my Commissary Account.

_Ralph Thomas Johnson_

Signature and Prisoner Number   O2 3350

Witnesses:

   (who must be on the staff of the Institution where housed)

1.  _____

2.  _____

_staff refused_

(Statement of claim Continued)

Sation about getting back in the Dart program, that Plaintiff is Court ordered to attend.

(6). Defendant Walker, is the Superintendent of Marion Corr Institution, and is responsible for the Supervising, hiring and Training all employees there of;

(indirect Participation, a Defendant maybe held liable if the Defendant set in motion @ Series of events " that he or she knew or reasonably should have known would cause @ constitutional violation, even if others actually performed the violation, officials who set policy, write regulations, or give orders may be liable even if the are not directly involved in enforcing them against the individual.

(7). Defendant Dunlap has refused to put Plaintiff back in the Dart program, after Plaintiff has written several letters to the Defendant begging to get back in, by doing so Defendant Dunlap has Discriminated against Plaintiff

(Access to the Courts)

1). That on 2-8-01, Defendant Painter refuse[d] to let me out, or to staple these papers toget[her] or this happened at 10:45 A.M.

This is not an isolated incident officer/o[r] Defendant Presnell has done this on Numerou[s] occasions.

2). Plaintiff also avers that through the Hiring, Supervision and training defendant Walker also has denied me access to the Courts.

Note: The Supreme Court has stated, "It is Now established beyond doubt that Prisoners have @ Constitutional Right at access to the Courts.

The Courts have Cited the Due Process Clause, the Equal Protection Clause, the first amendment, and the Privileges and Immunitie[s] Clause of Article IV of the Constitution as the Basis for the right.

Plaintiff cites racial Discrimination as the main factor in these events with the exception of Defendant Medford.

Note: There are No Caucasion Peer Counsels in the Dart program here. Plaintiff asserts the African americans have on Several occasions went to segregations and allowed to Complete the program.

(8) Defendant Painter on or about the 15th of December 2000, did Search the Plaintiff's Cell and completely demolish it, trying to read Plaintiff's personal mail, and leaving Plaintiff Cell not the way he found it.

Plaintiff avers that all Defendant's have acted under Color of State law while in the Scope of their employment.

Plaintiff further avers that all Defendant are hereby Sued in their individual Capacities thus/with respect to their Character and Conduct

(Relief continued)
to the united States Constitution.

2). Defendant Walkers failure to take action to curb these actions, violated the Plaintiff's rights of Due Process and Equal Protection under the 14th amendment to the U.S. constitution, citing racial Discrimination.

3). Defendants Painter and Presnell violated Plaintiff's rights under 1st 4th 8th and fourteenth amendments to the United States Constitution, in that Plaintiff, even though in Prison, is entitled to @ Minimal amount of privacy. Cases still under court order, by way of appeal is the personal property of the plaintiff and the courts.

undue harassment is another form of cruel and unusual punishment.

4). Defendant Medford violated Plaintiff's rights by having $5.00 taken away from Plaintiff's account for @ life threatning situation Plaintiff avers that the Federal Government

Case 1:00-cp-02863-cc Document No Filed 02/19/01 Page 12 of 21 needs.

B. Issue an injunction ordering defendants
Walker and Dunlap or their agents to:

    1). Immediately arrange for the Plaintiff
$5.00 to be put back in his account.

    2). Immediately reinstate Plaintiff to the
Dart program that is under Court order.

    3) Immediately carry out without Delay
actions, that will cease and and all racial dis-
criminatory acts at the Marion Correctional
facility.

C. Issue an injunction,

    (1) ordering Defendant
walker to personally make the necessary ajust-
ments, and to personally tour the Marion Insti-
tution So that any Inmates may speak with
him, who has a legitimate Complaint and to
create an open door policy.

    (2) To essure Plaintiff, that their willbe No
retaliatory actions taken, against the Plain-

Case 1:01-cv-00038-SJM  Document 1  Filed 02/14/01  Page 13 of 21
tiff for exorcising his Constitutional Rights.

page 24

D. Award Compensatory damages in the following amounts:

    D. $10,000 jointly and Severally against defendants Painter, and Presnell for emotional and psycological injuries; and ② minimal amount of privacy.

    2). $25,000 jointly and Severally against Defendants Walker, Dunlap and Medford, eventful, that did emotionally injure the Plaintiff by discrimination, Loss of Money and violation of Plaintiff's Constitutional Rights, under Due Process and Equal Protection of the Laws.

E. Award punitive damages in the following amounts:

    D. $20,000 each against defendants Maddox and Sherrell for their racial and otherwise Discrimination; A Jury Trial, and

F. Grant Such other and further relief as it may appear that the Plaintiff is entitled.

This the ___ day of ___ , 2001

Respectfully Submitted,

Wayne Thomas Johnson

DC-410 (8/89)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
### ADMINISTRATIVE REMEDY PROCEDURE

1. Inmate Name: WAYNE Johnson  2. Inmate No.: 0213350

3. Location: F-3-2-10  4. Date: 1-22-01

5. Grievance Statement: I still don't have my the $5.00 that was deducted from my account for the true emergency I had back in October when I had my operation. My gallbladder was removed at that time, with in the gallstones. This has been more then 60 days now Medical and Mr. Cothren said I would get my money back

6. What remedy would resolve your grievance?: to put the $5.00 back into my account

7. Inmate Signature: Wayne Johnson

### OFFICIAL USE

8. Date received: 4/1/1  9. _____
Receiving Officer Signature

10. ☐ This grievance is returned and can only be accepted when your current grievance completes step two.

11. Date delayed: __/__/__  12. _____
Screening Officer Signature

13. The grievance is rejected for the following reason(s): (Enter Code) _____

   A. State or Federal Court Decision    B. Parole Commission Decision    C. Appeals disciplinary action
   D. Action not yet taken               E. Exceeds 1 year time limit      F. Remedy for another inmate
   G. More than one incident             H. ARP procedures not followed    I. Violates Disciplinary No. 38
   J. Beyond control of DOC

   | If grievance is rejected, # 13, # 14, # 15, and # 16 are completed by the Screening Officer, a photocopy of grievance is forwarded to Superintendent for review, and the original grievance is returned to inmate. |

14. Rejection Justification: _____

15. Date rejected: __/__/__  16. _____
Screening Officer Signature

17. Date accepted: 1/25/01  18. _____
Screening Officer Signature

### 19. Grievance No.
F 3730-01-0072

Item #13, 15, or 17 to be completed within 3 calendar days of item #8.
Distribution: White to point of final disposition, Blue for Unit record; Green to inmate.

DC-410A (11/99)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

**Step One - Unit Response**

20. Grievance No.: **F-3730-00-3511**

22. Inmate No.: **0213350**

21. Inmate Name: **WAYNE JOHNSON**

23. Grievance Response (Item #25 to be completed within 15 calendar days of date in item #17):

I have reviewed your complaint and submit the following. I have discussed this situation with the DART staff. Mr. Sherrill states that he has discussed this matter with you. He will meet with the DART supervisor next week in an attempt to have you reinstated to the program.

No further Action Recommended.

David Cothron, Unit Manager

24. Date : _____

25. _____
Superintendent Signature

26. (A)____ Agree with grievance response

(B)____ Appeal to Step Two (24-hour limit)

27. Date: 12-31-00

28. _Wayne Johnson_
Inmate Signature

**Step Two - Area/Complex/Institution Response**

29. Step two response (Item #31 to be completed within 20 calendar days of date in item #27):

You were enrolled in the MCI Dart Program three times and each time you failed to complete the requirements. You will not be reinstated in the ~~prog~~ program.

No further action recommended.

30. Date : _____ Sid Harkleroad

31. _____
Administrator Signature

32. (A)____ Agree with grievance response

(B)____ Appeal to Secretary, DOC (24-hour limit)

33. Date: 1-19-01

34. _Wayne Johnson_
Inmate Signature

DISTRIBUTION: White to point of final disposition; Blue for Unit Record; Green to Inmate

DC-410 (8/89)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

1. Inmate Name: WAYNE Johnson  2. Inmate No.: D213350

3. Location: F-3-5-10  4. Date: 12-12-00

5. Grievance Statement: On 10-16-00 I went to the hospital in Raleigh and had an operation to remove my Gallbladder. I reintered the institution on 10-23-00, at that time I was put on Box test per the Institutional Doctor, after healing I attempted to resume my Dart program, that is court ordered. I would attend at any rate because I have a problem, I am an alcoholic. I don't have any Problem with the Dart staff. This past Friday I was called by one of the case workers and ask why I wasn't in Dart. She told me that I was not in the Computer as being in Dart.

6. What remedy would resolve your grievance?: ———— to be put back in the Computer and in the program. I want and need this program.

7. Inmate Signature: Wayne Johnson

---

## OFFICIAL USE

8. Date received: ___/___/___  9. _____
                                    Receiving Officer Signature

10. ☐ This grievance is returned and can only be accepted when your current grievance completes step two.

11. Date delayed: ___/___/___  12. _____
                                    Screening Officer Signature

13. The grievance is rejected for the following reason(s): (Enter Code) _____

  A. State or Federal Court Decision  B. Parole Commission Decision  C. Appeals disciplinary action
  D. Action not yet taken  E. Exceeds 1 year time limit  F. Remedy for another inmate
  G. More than one incident  H. ARP procedures not followed  I. Violates Disciplinary No. 38
  J. Beyond control of DOC

> If grievance is rejected, # 13, # 14, # 15, and # 16 are completed by the Screening Officer, a photocopy of grievance is forwarded to Superintendent for review, and the original grievance is returned to inmate.

14. Rejection Justification: _____

_____

15. Date rejected: ___/___/___  16. _____
                                    Screening Officer Signature

17. Date accepted: ___/___/___  18. _____
                                    Screening Officer Signature

19. Grievance No.

Item #13, 15, or 17 to be completed within 3 calendar days of item #8.
Distribution: White to point of final disposition, Blue for Unit record; Green to inmate.

DC-410A (8/89)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
### ADMINISTRATIVE REMEDY PROCEDURE

## Step One - Unit Response

20. Grievance No.: **F-3730-00-3398**

21. Inmate Name: **WAYNE JOHNSON**

22. Inmate No.: **00213350**

23. Grievance Response (Item #25 to be completed within 15 calendar days of date in item #17):

As you discussed with the F-Unit Assist Manager, staff has been instructed to examine the content of over sized envelopes and packages prior to them being placed in the mail. This does not apply to legal mail. Staff has been informed of this and per your conversation, your grievance is resolved.

No further Action Recommended.

Garland Patton, Unit Manager

24. Date : _____

25. _____
            Superintendent Signature

26. (A)__✓_ Agree with grievance response

(B)____ Appeal to Step Two **(24-hour limit)**

27. Date: _____ *10 - 27 - 00* _____

28. _____
            Inmate Signature

## Step Two - Area/Complex/Institution Response

29. Step two response (Item #31 to be completed within 20 calendar days of date in item #27):

30. Date : _____

31. _____
            Administrator Signature

32. (A)____ Agree with grievance response

(B)____ Appeal to Secretary, DOC **(24-hour limit)**

33. Date: _____

34 . _____
            Inmate Signature

DISTRIBUTION: White to point of final disposition; Yellow to Area if appealed; Blue for Unit Record; Green to Inmate



# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
### ADMINISTRATIVE REMEDY PROCEDURE

1. Inmate Name: Wayne Johnson   2. Inmate No.: 0237350

3. Location: F-3-5-10   4. Date: 10-9-00

5. Grievance Statement: At approximately 9:05 PM, I approached officers Presnell and officer church about putting a Legal Size Envelope in the Mailbox, that I was advised by Mailroom Personnel to do. It's too Large for the hole in the Box. This Legal matters concerning My case thats on appeal. This attorney client Privilege Mail is Not to be opened by a Guard "unless" given Written Notice that is Suspected to Contain Contraband. This also is denying Me access to the Courts: Denies Due Process and Equal Protection clause of Article IV of the Constitution as basis for the Right "Privileged" mail - Attorney client "See Attachment"

6. What remedy would resolve your grievance?: That officers Not be allowed to open out going "Privileged Mail"

7. Inmate Signature: Wayne Johnson

---

### OFFICIAL USE

8. Date received: ___/___/___   9. _____
                                   Receiving Officer Signature

10. ☐ This grievance is returned and can only be accepted when your current grievance completes step two.

11. Date delayed: ___/___/___   12. _____
                                    Screening Officer Signature

13. The grievance is rejected for the following reason(s): (Enter Code) _____

| | | |
|---|---|---|
| A. State or Federal Court Decision | B. Parole Commission Decision | C. Appeals disciplinary action |
| D. Action not yet taken | E. Exceeds 1 year time limit | F. Remedy for another inmate |
| G. More than one incident | H. ARP procedures not followed | I. Violates Disciplinary No. 38 |
| J. Beyond control of DOC | | |

If grievance is rejected, # 13, # 14, # 15, and # 16 are completed by the Screening Officer, a photocopy of grievance is forwarded to Superintendent for review, and the original grievance is returned to inmate.

14. Rejection Justification: _____

_____

15. Date rejected: ___/___/___   16. _____
                                     Screening Officer Signature

17. Date accepted: ___/___/___   18. _____
                                     Screening Officer Signature

**19. Grievance No.**

Item #13, 15, or 17 to be completed within 3 calendar days of item #8.
Distribution: White to point of final disposition, Blue for Unit record; Green to inmate.

```
CURR LOC : 3730  - MARION CI                    CURR.BAL : $        .00
STATUS : A - ACTIVE   CANTEEN LMT : $ 0.00  PCT : 100%  SALES : $  0.00
HOLDS : $       0.00       DEBTS : $    161.50   SPENDABLE : $       0.00
```

| DATE RANGE | MONTHLY AVERAGE DEPOSITS | MONTHLY CURRENT BALANCES |
|---|---|---|
| 08/13 - 09/11 | $    0.00 | $    0.00 |
| 09/12 - 10/11 | $    2.00 | $    0.00 |
| 10/12 - 11/10 | $    0.00 | $    0.00 |
| 11/11 - 12/10 | $    0.00 | $    0.00 |
| 12/11 - 01/09 | $   25.00 | $    0.09 |
| 01/10 - 02/08 | $    0.00 | $    0.00 |

```
AVERAGE OVER 6 MONTHS    DEPOSITS : $      4.50
                         BALANCES : $      0.02

      CALCULATED INITIAL PAYMENT : $      0.90
```

```
                NORTH CAROLINA DEPARTMENT OF CORRECTION        02/09/01
IBSR140 (60)       TRUST FUND ACCOUNT STATEMENT               14:27:05
                 FACILITY: 3730  - MARION CI                  PAGE    1
                     FOR: 08/01/00 - 01/31/01
```

```
  ACCT. NAME: JOHNSON, WAYNE                          ACCT#: 0213350
            BED: FU3S-010                             TYPE: INMATE

        ENDING BALANCE 01/31/01  $      0.00   INCLUDES CANTEEN LIMIT OF $ 0.00
```

| BATCH DATE | NBR. | TYPE | REFERENCE NUMBER | FACL | +/- | AMOUNT | | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 01/21/01 | 007 | CASHLS CANTEEN-I | 2001-01-19 | 3730 | - $ | 0.09 | $ | 0.00 |
| 12/21/00 | 042 | CASHLS CANTEEN-I | 2000-12-21 | 3730 | - $ | 7.41 | $ | 0.09 |
| 12/20/00 | 023 | FILING FEE WTH | 1024001503B | 3730 | - $ | 5.00 | $ | 7.50 |
| 12/20/00 | 023 | COPAY WITHDRAWAL | 0927001925I | 3730 | - $ | 0.50 | $ | 12.50 |
| 12/20/00 | 023 | COPAY WITHDRAWAL | 0831001005I | 3730 | - $ | 3.00 | $ | 13.00 |
| 12/20/00 | 023 | COPAY WITHDRAWAL | 0824000940I | 3730 | - $ | 3.00 | $ | 16.00 |
| 12/20/00 | 023 | COPAY WITHDRAWAL | 0725000915I | 3730 | - $ | 3.00 | $ | 19.00 |
| 12/20/00 | 023 | COPAY WITHDRAWAL | 0608000950I | 3730 | - $ | 3.00 | $ | 22.00 |
| 12/20/00 | 016 | MONEY ORDER DEP. | 85888872808 | 3730 | + $ | 25.00 | $ | 25.00 |
| 09/20/00 | 034 | CASHLS CANTEEN-I | 2000-09-20 | 3730 | - $ | 0.34 | $ | 0.00 |
| 09/19/00 | 034 | CASHLS CANTEEN-I | 2000-09-19 | 3730 | - $ | 1.66 | $ | 0.34 |
| 09/18/00 | 011 | DRAW FORWARDED | CASH | 3730 | + $ | 2.00 | $ | 2.00 |

```
                                  BEGINNING BALANCE 08/01/00  $       0.00
```

| DEBT DATE | DEBT TIME | TYPE OF DEBT | AMOUNT OF DEBT | | AMOUNT STILL OWED |
|---|---|---|---|---|---|
| 09/27/00 | 19:25 | MEDICAL     -SICK CALL WITH NURSE | $ 3.00 | $ | 2.50 |
| 10/24/00 | 15:03 | FILING FEES-CASE#5:00-CT-490-F3 | $ 150.00 | $ | 145.00 |
| 11/27/00 | 11:30 | DENTAL      -SICK CALL/DENTIST | $ 3.00 | $ | 3.00 |
| 11/27/00 | 19:45 | MEDICAL     -SICK CALL WITH NURSE | $ 3.00 | $ | 3.00 |
| 11/30/00 | 08:15 | DENTAL      -SICK CALL/DENTIST | $ 3.00 | $ | 3.00 |